UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES RICHARD WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:07-0049 |
| ) | Judge Trauger |
| DR. DANIEL PAUL, ET AL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

The plaintiff, a prisoner in the Hardeman County Correctional Facility in Whiteville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983.[1] The plaintiff names Dr. Daniel Paul, M.D., the DeKalb County Jail, and Nurse Jane Doe as the defendants. Dr. Paul and Nurse Doe were employed by the DeKalb County Jail at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages only, alleging that the defendants violated his rights under the Eighth Amendment.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

---

[1] This action was transferred to the Middle District of Tennessee from the Eastern District of Tennessee. The civil filing fee was assessed against the plaintiff prior to the case being transferred.

Under the Prison Litigation Reform Act (PLRA), the court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff asserts that he broke his right foot on May 13, 2006 while incarcerated in the DeKalb County Jail. (Docket Entry No. 2, ¶ 1, p. 3) The plaintiff avers that he submitted a "medical request" and, following an examination by Nurse Doe on May 23, 2006, he was told that there was nothing wrong with his foot. (Docket Entry No. 2, ¶¶ 2-3, p. 3) Thereafter, the plaintiff asserts that he was seen by Dr. Paul on June 7, 2006, but that Dr. Paul told the plaintiff "in his professional medical opinion" he had "an old injury" and there was "no need for an x-ray." (Docket Entry No. 2, ¶¶ 4-5, p. 3) According to the plaintiff, after he was transferred to the Tennessee Department of Correction, an x-ray revealed that he "had suffered multiple fractures of [his] right foot," and that his foot "had healed improperly" because "it had not been cast when [his] injury . . . occurred . . . ." (Docket Entry No. 2, ¶¶ 6-8, p. 3) The plaintiff asserts that he continues to suffer from pain in his foot, and that he likely will "suffer from pain indefinitely." (Docket Entry No. 2, ¶¶ 9-10, p. 3)

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825,

835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735. Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

**Defendants Dr. Paul and Nurse Doe**

The complaint shows that the plaintiff was seen by Dr. Paul and Nurse Doe following his injury. However, the complaint is utterly devoid of any factual allegations that could be construed as allegations that Dr. Paul and Nurse Doe were deliberately indifferent to his serious medical needs. Taking the allegations as true, at worst, the alleged actions of Dr. Paul and Nurse Doe might constitute either malpractice or gross negligence. However, as previously established neither malpractice nor gross negligence will support a claim under the Eighth Amendment for the denial of medical care.

3

For the reasons explained above, the complaint will be dismissed as to Dr. Paul and Nurse Doe for failure to state a claim on which relief may be granted.

## DeKalb County Jail

As to the DeKalb County Jail, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A county jail is not a body politic, and as such, is not a person within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992)

Of course, giving this *pro se* pleading a liberal construction, the court could construe the complaint as an attempt to state a claim against DeKalb County, the entity responsible for operating the DeKalb County Jail. However, for DeKalb County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. *Monell*, 436 U.S. at 689-690. The plaintiff makes no such allegation, nor can such an allegation be liberally construed from the complaint. In fact, apart from asserting that he was incarcerated in the DeKalb County Jail at the time of the alleged events that gave rise to this action, the complaint is silent as to the DeKalb County Jail.

For the Reasons explained above, the complaint will be dismissed as to the DeKalb County

4

Jail for failure to state a claim on which relief may be granted.

As provided in the Memorandum entered contemporaneously herewith, the plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore*, 114 F.3d at 605.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge